**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-50152
Summary Calendar

JOHN GOODE, doing business as MR. BONES BBQ,

Plaintiff-Counter Defendant-Appellant,

VERSUS

CITY OF AUSTIN, TEXAS,

Defendant-Counter Claimant-Appellee,

FINE HOST CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(A-98-CV-144-SS)

November 10, 1999

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff John Goode appeals the grant of summary judgment in favor of defendants. We affirm.

PROCEDURAL HISTORY AND FACTS

Between 1987 and the present, the City of Austin has enacted a series of ordinances designed to alleviate discrimination against women and minorities in the award of city contracts for goods and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

services.  The current ordinance, passed in 1996, provides incentives for city contractors to subcontract with business enterprises owned by women and minorities ("M/WBE").  The City employs a certification process that focuses on ownership of the business to determine M/WBE status.

In 1992, Fine Host Corporation contracted with the City to provide food services at city venues.  Fine Host was obligated under the contract to make good faith efforts to provide subcontracting opportunities to food service providers certified as minority owned businesses.

In 1996, Fine Host subcontracted with Goode, the African-American owner of Mr. Bones Barbeque, understanding that he had certified Mr. Bones Barbeque as a M/WBE.  Although Mr. Bones had been certified as an M/WBE in 1992-93, he chose not to renew the certification after it expired in 1993.  He explained that he had privacy concerns and did not want to continue to reveal personal and financial information as was required by the certification process.  In August 1996, after Goode refused to obtain a current M/WBE certification, Fine Host terminated its contract with Goode and replaced him with another African-American owned barbeque vendor.

Goode brought this 42 U.S.C. §§ 1981 and 1983 suit against the City of Austin and Fine Host alleging that he was the victim of intentional racial discrimination when Fine Host terminated his contract.  Goode also asserted breach of contract claims against Austin and Fine Host.  All parties filed motions for summary

2

judgment. The district court granted summary judgment for defendants on the merits of the breach of contract claims. The district court dismissed Goode's racial discrimination claims, finding that Goode had suffered no injury-in-fact and accordingly lacked standing. Finally, the district court denied Goode's cross-motion for summary judgment without discussion.

## JURISDICTION

Goode filed a *pro se* notice of appeal, stating only that he was appealing "the decision of the trial court to dismiss his claims[.]" However, Goode's brief alleges that the district court erred in denying his motion for partial summary judgment on liability. Generally, a notice of appeal "shall designate the judgment, order or part thereof being appealed." FED. R. APP. P. 3(c)(1)(B)(1994). Because Goode did not apprise this court in his Notice of Appeal that he intended to appeal the district court's denial of his motion for partial summary judgment, we do not have jurisdiction to review that decision. *See C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981). Our jurisdiction is therefore limited to Goode's challenge to the district court's dismissal of his discrimination claims.

## STANDING

Federal courts have jurisdiction to adjudicate only actual cases or controversies. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). The standing doctrine requires that a plaintiff have "such a personal stake in the outcome of the controversy as to

3

assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions[.]" *Baker v. Carr*, 369 U.S. 186, 204 (1962). Ideological opposition to a government program is insufficient to confer standing. *See Valley Forge*, 454 U.S. at 473.

Goode argues that he was injured because he could not take advantage of Austin's M/WBE preferences without submitting to allegedly intrusive certification procedure. He does not dispute the defendants' contention that he was free to compete for vending contracts on an equal, race-neutral basis with all other non-certified businesses. Further, he does not attack racial preferences, but complains that the defendants' system did not afford such preferential treatment completely devoid of administrative burden on the beneficiaries.

When a "governmental actor is discriminating on the basis of race, the resulting injury accords a basis for standing only to those persons who are personally denied equal treatment by the challenged discriminatory conduct." *United States v. Hays*, 515 U.S. 737, 734-44 (1995) (quotations omitted). Because the "intentionally discriminatory race and gender conscious goals" of which Goode complains benefitted rather than injured him, we conclude that Goode lacks standing to attack their constitutionality.

Based on the foregoing, we AFFIRM the district court's dismissal of Goode's § 1983 action.

AFFIRMED.